My name is Alan Garrett for the appellant, NoteWorld. May it please the Court, my name is Alan Garrett and I represent NoteWorld, the appellant in this appeal. Thank you for granting oral argument. I want to open the argument this morning by confirming that the Court saw the correspondence I submitted last week regarding the offer of judgment we made to the plaintiff. Indeed. In our view, under the Supreme Court's new genesis decision, this offer of judgment for complete damages relief moots not only Mr. Rajagopalan's claim, but also the class action. Therefore, first and foremost, I want to raise the mootness issue. I'm happy to discuss that in more detail. Why do you think a Rule 68 offer applies on appeal? I mean, I don't think I've seen a case where a Rule 68 offer was made while a case was pending on appeal and then it had the effect that it usually has under Rule 68. Do you have a case? I do not have a case involving this exact context. I think all the policies served by Rule 68, in other words, when the defendant agrees to provide full relief to the plaintiff in an effort to discontinue the litigation, those principles apply wherever the case is. And how do you think it fully compensates the plaintiff in light of the claim for punitive damages and trouble damages? It is trouble. We did trouble the damages. In Washington, you cannot recover punitive damages unless specifically authorized by statute. Our offer was trouble damages. Right. They do have a claim for punitive damages, so your argument on that is what? I believe the term they use is exemplary damages, and I do not believe there is any claim for punitive damages beyond the trouble damages under the statutory claims. Well, under RICO, that's true, but they've pled other claims that arguably might give rise to punitive damages. Except that, as a matter of Washington public policy, you only have punitive damages if specifically authorized by statute. The statutes here authorize trouble damages. So your argument would be that to the extent that punitive damages are considered here, we would have to find as a matter of law they're not entitled to them. Again, they demanded exemplary. We have provided the full relief they've demanded. No, you've provided trouble damages, but they also asked for punitive damages. Your argument is they are the trouble damages consists of the exemplary damages, and to the extent that they're claiming punitive damages in order to find that you've made them whole, we would have to find as a matter of law they're not entitled to them. Your point is a good one. To the extent there is a He didn't ask you about a point. He asked you for a yes or no answer. You do have one in your vocabulary, don't you? Yes, Your Honor. And what's the answer? There would have to be a recognition that punitive damages were not available here. That is correct. Okay. What else do you want to say on mootness? The big step that was addressed in Genesis is whether mooting the individual plaintiff's claim also moots the class action pre-certification. And I think the Supreme Court's decision is clear on that. I'm happy to discuss it in more detail if there are any questions. Okay. Would you proceed with your argument? Yes. Turning to the issues in this appeal, it's an arbitration case. There are two sets of issues. The first is whether the arbitration clause is substantively unconscionable. The second is whether NoteWorld as a non-signatory is entitled to invoke it. Does your client have any obligations or duties under this contract? The answer is no, isn't it? My client provided payment processing with respect to. No. Does your client have any duties or obligations under the contract? The answer is no, isn't it? Our client did not provide the core debt settlement services under this contract. That is correct. But the contract, which expressly references the sign-up agreement with us to provide the payment processing, there's a separate sign-up agreement with us that's included within the contractual documentation to provide the payment processing services. We were obliged to provide the services that we provided. We were not obliged to provide the core debt settlement services, which are at the heart of the plaintiff's complaint. Do you concede that your client was in active concert and conspiracy with the principles in the contract? We do not concede that, but that is what. Do you have to leap over the hurdle to get a non-signatory to enforce an arbitration clause? No, Your Honor. I do not think we do. Tell me why. Okay. A couple of reasons. Number one, and I see my time is clicking down, I wanted to reserve some time for rebuttal, so I don't want to fail to do that. Let me do it at four minutes at this point because I've gone into it. Okay. Two reasons. Number one, the arbitration agreement is severable from the remainder of the agreement. The Supreme Court has said that time and again. You consider the validity of the arbitration agreement separate from the contract in which it's contained. So, number one, severability. You should look at the arbitration agreement standing alone. Number two, the Supreme Court has said time and again that courts are not to consider the merits of the dispute in ruling on arbitrability, and that's the AT&T case from 1986, for example, that cited in our appellate briefing, and that's really just the flip side of the severability point. In other words, you're looking at the arbitration clause standing alone without regard to the party's contentions with respect to the larger contract. So that is my attempt to answer your question, and if you want to ask me a follow-up question, I'll do my best. All right. End your argument. It's well stated. Thank you. All right. So, looking at the arbitration agreement, first is substantive unconscionability. There are basically two grounds for the district court's ruling. First is very close to what the court has already asked about, which is to say, is it fair to allow Noteworld to invoke the arbitration agreement when it disavows any liability for the debt settlement services at issue in the larger contract? And, number one, for the reasons I just outlined, I think that's inconsistent with Supreme Court precedent. Number two, I'm aware of no decision authorizing invalidation on the other side. In other words, authorizing invalidation of the arbitration agreement because the party is unwilling to accept responsibility under the larger contract. So, on the first ground, the district court's other tactical considerations ruling, I think that that's unsupported and inconsistent with Supreme Court precedent. If the panel were to decide that your client cannot enforce the arbitration clause, do we need to reach unconscionability? In other words, that as a non-signatory? That's what we're going to do. We don't confer prior to argument, so we don't know what the ultimate result is. But if, underline if, we were to determine that your client cannot, under equitable principles, enforce the arbitration clause, do we have to reach this other issue? Well, we have two hurdles. To answer your question, you do not have to reach it. And to explain why, we have two hurdles. There has to be a valid arbitration clause, and we have to be entitled to invoke it. So, that is our burden as appellant here today. In terms of the invalidity of the arbitration agreement, I've touched on the other tactical circumstances ruling. The other ruling, which is the Florida Choice of Law Clause, that's evolved over the course of this appeal. What does that mean? Because the plaintiffs have agreed that aspects of the district court's ruling were incorrect. The core ruling of the district court is that the Florida Arbitration Clause potentially frustrated, I forget the term, but potentially impaired, that's the term, the plaintiff's statutory rights. The reason that's incorrect is under settled Supreme Court precedent, both the United States Supreme Court and Washington Supreme Court precedent, you can't invalidate an arbitration agreement based on a prediction of the arbitrator's ruling on a choice of law issue. And that issue is clear. In addition to predicting that the Florida Choice of Law Clause would be enforced, the district court went a step further and said, if it's enforced, this is going to be the result, it's going to be more difficult to get attorney's fees. And that argument is also incorrect. The only requirement, the only burden is that you have to present your request for fees to a confirming court, which is no greater burden than is on an appellant in the trial court system. You have to get the trial court system. Let me take you back for a moment. Other than the references to Noteworld in the contract, what other evidence do you rely on to support the notion that the parties intended that Can you quickly summarize your best evidence? Or are the references to Noteworld your best evidence in this case? My best number one is the language of the arbitration clause itself. It refers to all parties, and it's broad language. It's all disputes arising out of or relating to or the broad arbitration language to that agreement are arbitrable. These disputes arise out of and relate to the agreement. So A is the broad language of the claim subject to arbitration. B, it refers to all parties. Noteworld's name is all over the contract. That's the best evidence of the party's intent. But while we have to show both validity of the contract and that we can invoke it, we have two alternative grounds for invoking it, and really our primary argument is equitable estoppel. The essence of this argument, and I'm trying to condense it as much as possible, is that plaintiff cannot sue us for the core duties arising under the larger contract while disavowing the dispute resolution provision in that very contract, and this is the classic equitable estoppel case. Their complaint, it's replete with references to our responsibility for the duties under the debt settlement contract to allege collusion and interdependent conduct, which we don't concede, but that's what they allege. This is the classic case for equitable estoppel, and I respectfully submit that we satisfy both this Court's decisions and numerous other decisions as to the grounds for equitable estoppel. Thank you, counsel. Thank you. Good morning. In preparing for our argument, I assumed we'd be talking about the issues that were actually presented in this appeal, which we did touch on for the last part of the argument. But the notion that what we're here to discuss is a Rule 68 offer of judgment is astounding in how it was presented to the Court, for starters. Well, why don't you respond on the merits, though? On the merits of the appeal or the merits of the Rule 68? The merits of the Rule 68. So the law … We're not going to assess a court of blame or outrage here. We're going to assess the merits of the case. I understand. The law in the Ninth Circuit right now is actually pretty clear that a Rule 68 offer of judgment does not moot a class case. Now, Genesis was not a Rule 23 class action. It was a collective action. And the Court made it very clear that that's what it was, went on to discuss unquestionably the cases under Rule 23. But what that case relates to is clearly the collective action context. Why wouldn't the logic apply in a proper case to a class action? The argument could be made that what the Supreme Court said about those cases is and may transfer over. Right. So what's the principal distinction? If you were to draw a distinction between a collective action, as the Supreme Court decided in Genesis, and a class action, what's the principal distinction you would make if you were to say that the Genesis Rule doesn't apply to class actions? Because in a collective action, the plaintiff files their case. At any time, the court can decide whether or not other people should be asked whether or not they want to join in. And if they make that election to join in, then a case can go forward. It requires an affirmative act by everybody else out there. And in Genesis, the court actually hit on the fact, and Justice Kagan did as well, that the court below took notice of the fact that nobody had opted in, that it was just this one person. And while other people could come in if they elected to do so, that hadn't happened. In the Rule 23 context, it's actually the complete opposite. That is, you are presumed to be in that class, and therefore I think why it won't apply is that we need to give the case an opportunity to get to that level. And there's the long line of cases talking about the relating back issue. And I think the relating back notion has no application at all in the collective action, but does in the class action. Because in the class action, the cases discussing this talk about how, look, you need to at least give them an opportunity to make that motion. If the motion's denied, separate issue. You have standing to appeal that. But to come in with a Rule 68 offer and pick off a potential class representative before they can make that motion, the Ninth Circuit, as it stands right now, simply doesn't allow that. And your best case is? The best case relating to that is when we talk about, actually, it's a case I can't believe I didn't have it at the top of my tongue, because I love the name of this case. It's Pitts v. Terrible Erbst. And I don't know exactly what a Terrible Erbst is, but it's 653 F. 3rd, 1081. And what that case says, and I'll quote, Is this in your brief? It is not in my brief, because this was not briefed to the court. Did you respond to the 28th, Jay? We did write a letter to the court responding to that. Did you sign this case? I believe we did, but I'm not certain.       I don't know. I don't know. I don't know. I don't know. It's not a matter of further briefing. I just want to make sure that it's out there and in the record and that sort of thing. If I will review our letter to the court, if it's not in there, I can certainly provide it. And what you do is you go to the clerk and fill out a slip and give a copy to your opponent. I'll certainly do that. Thank you. So explain to me your claims, other than the RICO claims. You've got a breach of fiduciary duty claim. You've got a Washington State statutory claim. Do either of those claims entitle you to punitive damages under Washington law? Yes, the fiduciary duty claim does. So that's what you rest on in terms of punitive damages. In terms of why the Rule 68 offer is incomplete, that's one point. It's also incomplete because we demand an accounting, which they haven't offered. We didn't plead an accounting, did you? Yes, we did. It is. The unjust enrichment claim? It is under our F. So our prayer number F in the complaint is for a complete accounting. Don't you have to plead that separately in terms of a theory? No, I do not believe you do. In fact, there are cases, I don't have them at my disposal, but an accounting is not a separate cause of action. It is a remedy. But it is in some jurisdictions. That's why I ask. It isn't here. In cases such as these, financial cases involving class cases, an accounting is something that is traditionally and usually prayed for because that's really how we need to get into the class damages analysis and see what was actually going on. And I take it you do not intend to accept the Rule 68 offer? Well, the time has not come. My understanding right now. Do you have a position now or not? Yes, Mr. Rajagopalan is not going to accept the offer of judgment. Well, when the time comes for it or if you want to elapse, just advise us one way or the other so we have the record complete on this since they have supplemented the record with their Rule 68 request. I'll do that, Judge Thomas. So the other point on Rule 68 that I want to make is I'm not sure I understand exactly what Noteworld wants by bringing this forward now because what they've effectively said in their letter is there shouldn't be an appeal anymore because there shouldn't be a case anymore. And that sounds to me like they don't want a decision anymore. I think that's fair assessment. They say it's moot. And if that's the case, well, it's not for this Court to decide the mootness because there is no record before this Court on that issue. It's never been presented to the District Court. There's never been any finding of fact. The Rule 68 offer of judgment that was sent to you, of course, hasn't been filed because it hasn't been accepted. So there's a vacuum for anything to underlie their mootness argument. But if they don't want the appeal to go forward, then we'll certainly go back to the District Court and litigate this case, which is I think what they intend to do because the only value of this Rule 68 offer is if they now file a motion in District Court when and if we get back there, which says the case has to be dismissed because it's moot. Right. Well, the way I take their motion, they can correct it on rebuttal, is that they want the entire case to be dismissed right now as moot in its entirety. Well, there's simply no record on appeal for this Court to do that. I take your point on that. But if there were, we'd have to take a look at that because mootness obviously becomes an issue even on appeal. That is correct. If there were something, if there were some record, if there were some factual predicate, and if that argument had been made, then yes, it could be reached. But none of those have happened. All right. Any further questions on the Rule 68 issue? All right. I want you to proceed to the merits. Very well. So what we have, as the Court correctly, Judge Hawkins, as you correctly keyed on, is they have to do two things. They have to say and show you that the District Court got it wrong when it held that Note World simply isn't a part of this arbitration agreement. And all the cases talking about the preference for arbitration in interpreting the scope of an arbitration agreement, those cases talk about what the scope in terms of subject matter of the arbitration is. They do not apply to the question of who has agreed to arbitration. And the rule on who has agreed to arbitration is its standard rules of contracting. In this case, it's Washington contract law, who formed the agreement. You don't go out of your way to find arbitration in the context of who, only in the context of what. They say they're named all over the contract. They have collection duties under it that was clear to your client. So why not let them enforce the arbitration clause? Well, I think it's a little bit of an overstatement to say that they're all over the contract. They're not in the contract. Their name does appear in the software agreement. So you have this software agreement, and that is what has an arbitration clause. And the software agreement binds two parties. And their name does appear in that. I believe it's twice, maybe three times. But it doesn't appear in the most important and really the only important spot, which is who are the parties. And the opening, the very first line of that agreement, says it's an agreement between Mr. Rajagopalan and this ESP company slash software program. And those are the people that are making that agreement. And no world in its agreement says we're an independent party. And this is the agreement under which we're going to debit and credit your account and put that money aside for these future debt settlement purposes which occur. So they have their own agreement in which they say they're independent, which they could have put an arbitration clause in but didn't. Well, counsel is also relying on the breadth of the language in the arbitration provision referring to any and all parties. Given that, coupled with the references to NoteWorld and your allegations that there was massive collusion going on, does that make a difference? It doesn't. And the language is important because it's not any and all parties. It simply says all parties. And all parties, I think, a reasonable interpretation of what that means, if you look at the context of the entire agreement, is it's the parties to that agreement that are named at the very beginning. And what the district court talked about at length was, okay, if we look at this agreement on the broad basis across the board, which is what we're supposed to do, what were the parties' contracting intent? That is, what would you reasonably say this agreement displays in terms of what the people who entered into it intended to have happen? And in doing that, it can look at, and the court did look at, the effect of the agreement. And where NoteWorld, from the first and every aspect of this case, says we're not a party, we're not a party, that's separate, we're different, our obligations are strictly what's in our signup. But what about your claims of collusion and concerted misconduct between the signatories and the non-signatories? Does that bring in the non-signatories? Well, it could in the context of a case like Gerstein, which is an out-of-circuit case that they cited. And in that context, you have somebody who is actually suing under the contract or suing a subsidiary of the parent. And in that context, they're trying to get a remedy under the contract and they're getting it from someone who isn't a signatory. But that's not the case here. Here, the contract really, as plaintiffs allege, is a sham. And the terms of the contract don't affect the claims. If the contracts, and they are totally different for the vast number of these debt settlement companies involved, what each one says is an irrelevancy to the claims here, which was this was a sham. This was a RICO enterprise that was created to take people's money. It's not a case where we're saying, we signed up under this agreement to get debt settlement services and did not get them. Therefore, we want our money back for your breach of our agreement. That's not the case at all. The case is, this enterprise violates the law in Washington for debt settlement. It charges too much. It uses mails and wires in a fraudulent manner. It uses unauthorized bank transfers illegally. And it violates the Consumer Protection Act. So those claims are not contract claims under which you could put in a different party against whom you want to assert those claims. There's no transference of the contractual obligations here. Because the contractual obligations simply don't matter in the context of plaintiff's claims. So I have a small amount of time left. I'm happy to entertain any further questions that you may have in the arguments that we presented in our papers. There is one other point on Rule 68, if there aren't any, that I want to make. And that's a waiver issue here. Because, and I think this decision just came down from the Ninth Circuit, which was in one of the Toyota cases, where there was litigated at length the issue of whether or not Toyota could require arbitration of the brake defect claims on the Prius. And what the court said in the context of those cases is that the purpose of the FAA and arbitration in general is to promote quick, informal, and streamlined resolution of issues between the parties. It is not to be used as a backup plan for litigation strategies. Further, and that's from Martinez v. Welk Group, which is a Southern District case. And then in the Northern California case of Gonzales v. Infotech Systems, the court may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration. And I think that's really important here, because they've been pushing for arbitration, arbitration, arbitration. And all of a sudden they say, no, we want to go back to district court, because there's new law, we want to try this Rule 68 notion out. And that's something they just can't do. Thank you, counsel. And to the extent you have other citations, again, go to the clerk, provide the citations, and give them to the other side. Thank you. Okay, a couple of points. I'm not trying to badger this Rule 68, but I think it's critically important, and I think it should terminate this case, so I'm going to briefly address some points. Number one, absolutely, there is a Pitts decision of this court from 2011, which said an offer of judgment to the named plaintiff does not move the class. There were cases like that in the Third Circuit as well. In fact, the Ninth Circuit followed the Weiss decision. I'll give you the citation. 653 F. 3rd, 1081, that's the Pitts decision. It followed Weiss. That was absolutely the law before the Supreme Court came down, Genesis, April 16th, and said, wait a second, all this reading of our prior Rule 23 decisions, and they were specifically the cases that supposedly created this relation-backed The Supreme Court went through each and every one. There's five cases and said, wait, these cases do not do that. They do not relate back this exception to mootness when there's been no class certification decision, except in a very narrow context, which is not presented in a purely damages claim. In other words, inherently transitory, pretrial detention, those type situations where if you didn't have a relation-backed doctrine, you'd never adjudicate the class claims. You'd never get to, you'd have no possibility to get to the claims. So I recognize that Pitts- So how are you going to get the record on this? I mean, they aren't going to accept your Rule 68 offer. We don't have anything except your 28J. So how do we determine based on the record, not on your representations of counsel? I understand. I'm just- What do you propose? Okay. And I'm going to think for one minute before I answer that question. I will state there is a related case that we tried mightily to- there were three plaintiffs. Two of them were stayed pending appeal. One was not. Of course, one plaintiff in a class action is all you need to face class action discovery. So we tried mightily to stay that, did not succeed. Therefore, we had a response deadline April 30th. We have briefed it in a related case. We filed a motion to dismiss, raising these issues before the district court. It may well be that you'd have to wait until some further action of the district court. But I'll leave that to you. You're the one. You've got to make your own record. I appreciate that, Your Honor. And there's already been an allusion to potential supplemental briefing. And, again, I'm not trying to make this court an initial fact finder. I know that's not your institutional strength. Or duty. Or duty. Or power. I meant straight. It's our strength, but we care, you know. Well said. Thank you for the correction. Are all of those district court cases- This is a district court judge. Are those cases before the district court, the same district judge? They are before the same district judge. So this briefing in this additional case is before the judge who ruled on this one? That is correct. Judge Settle. It's the same plaintiff's counsel. We've made identical offers of judgment there. So, yes, we have teed up the issue. Yes. All right. In terms of solving our problem-oh, I'm sorry. Oh, I just said good. Thank you. In terms of solving our- You've got to get to the merits, so you've got some running time. Yes, it is. You know, there's two weeks it's going to run. There's going to be an accept or reject. We're going to know that. The court's already invited that. I invite further briefing. I certainly will keep the court informed of what's happening in the related Canada action. It may be I need to consult, but we might ask for a limited remand or something like that. But I need to consult with my client co-counsel before I make that statement. Yes, of course. And very quickly, I want to use my time effectively. They are seeking-they're claiming that they didn't get the debt settlement services they contracted for under the contract containing the arbitration clause, and they want back the money they paid for the services they didn't get under the contract containing the arbitration clause. That's what this lawsuit is all about. They want to trouble it under RICO. They say that we're part of the whole enterprise and we created the very contract and facilitate the receipt of these improper funds. All of this is about the core duties to provide debt settlement services and to pay for them. That's the entire case. And, yes, they've alleged various statutory claims, but that's what's at issue. And those duties arise under the contract containing the arbitration clause. So, okay. Appreciate it. Thank you both for your arguments. It was very helpful to the court, and we will take the case under advisement. Thank you very much.
judges: Hawkins, Thomas, Nguyen